## Vim Motor Truck Company, Appellant, *v.* The Philadelphia Electric Company.

*Landlord and tenant—Assumpsit—Counterclaim—Repairs not covered by lease—Motion for judgment for want of a sufficient affidavit of defense—Refusal—Discretion of court—Manifest error.*

In action of assumpsit for money due under a contract, defendant set up a counterclaim, alleging the relationship of landlord and tenant between plaintiff and defendant, and claiming money due to tenant from the landlord, on account of repairs made to the latter's property, under an oral agreement made after the execution of the lease.

From the pleadings it was apparent that the alleged repairs were not of such a nature as would necessarily fall within the terms of the lease, and, under such circumstances, the tenant, as defendant

in the original action of assumpsit, should be given an opportunity to prove his case.

An order refusing to enter judgment for want of a sufficient affidavit of defense will not be reversed unless error clearly appears.

Argued March 12, 1924.   Appeal, No. 334, Oct. T., 1923, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1922, No. 7777, discharging a rule for judgment for want of a sufficient affidavit of defense, in the case of Vim Motor Truck Company v. The Philadelphia Electric Company.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on written contract.   Before SHOEMAKER, P. J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.   The court discharged the rule.   Plaintiff appealed.

*Error assigned* was the order of the court.

*George J. Edwards, Jr.,* for appellant.—The alleged oral contract presented no defense to the plaintiff's claim.   Under the terms of the lease the defendant was under the liability of making all necessary repairs: Levin v. Phila., 277 Pa. 560; Levine v. McClenathan, 246 Pa. 374; Wood v. Carson, 257 Pa. 522; Graham v. Hay, 81 Pa. Superior Ct. 594; Sessa v. Rozzi, 68 Pa. Superior Ct. 593; Robinson v. Heverin, 50 Pa. Superior Ct. 546.

*Martin P. Bergen,* and with him *DeWitt C. Robinson,* for appellee.

OPINION BY TREXLER, J., April 21, 1924:

The plaintiff, the Vim Motor Truck Company, brought suit against the Philadelphia Electric Company to re-

cover a certain sum of money coming to them under a contract for electric service. The defendant admits the amount claimed, but sets up a counterclaim alleging that it was the subtenant of the Vim Motor Truck Company and others under a written lease covering a building situated at the northwest corner of 23d and Market streets and that as such subtenant, it had performed certain specific repairs for the Vim Motor Truck Company at the latter's special instance and request; and that the proper officers of the company duly authorized had agreed to pay for such repairs. The plaintiff asked the court below to enter judgment for want of a sufficient affidavit of defense, which the court refused to do. The lease to the Philadelphia Electric Company contained the following clause: "The lessee shall keep the demised premises in good order and repair, reasonable wear and tear excepted, except as hereinafter stated, and at the end of the term will deliver up the said premises in the same good order and condition that the lessee receives the same, reasonable wear and tear and damage by fire and the elements alone excepted." We do not think the above clause was an engagement to keep the premises in good repair irrespective of the condition they were in when the tenant entered. The contract is not to restore but to maintain and is met by the surrender of the premises at the end of the term in the same condition as received with the exceptions as stated. It is, of course, evident if the claim of the defendant is for such repairs as they were obligated to make under the lease there can be no recovery against the lessor. An examination of the counterclaim shows that the work done consisted, among other things, of caulking and rendering dust-proof windows and doorframes, tearing out air compressor, gasoline pump, replacing gutters and spouts, removing "Vim" signs, and painting outside steel sashes and doorframes. The defendant alleges that these repairs were not covered by the lease and that the plaintiff contracted to pay for them. The items

above, in part, set forth do not reveal that the repairs made were necessarily such as the tenant had to make under the lease. It follows that the defendant should be afforded the opportunity to prove his case. Unless error clearly appears in the decision of the court in refusing judgment for want of a sufficient affidavit of defense, our duty is to allow the parties to go to trial: Johnston to use v. Potamkin, 278 Pa. 123.

The judgment of the lower court is affirmed.